DELUCCA ET AL. *v.* DELUCCA ET AL.

APPEAL from the District Court of San Juan.

No. 378.—Decided June 8, 1909.

NONSUIT—DEMURRER TO THE EVIDENCE.—A demurrer to the evidence requires a consideration of all the evidence produced, and a single point or question cannot be selected as basis for the reversal of the judgment.

ID.—ADMISSION OF FACTS PROVEN.—By the presentation of a motion of nonsuit the truth of all the facts proven or to which the evidence refers is admitted.

ID.—DISCRETION OF THE COURT—EXAMINATION OF ALL THE FACTS PROVEN ON APPEAL.—A motion offering a demurrer to the evidence (nonsuit) is addressed always to the discretion of the court, and when the matter is brought before the appellate court an examination of all the facts proven *on the trial* must be made.

The facts are stated in the opinion.

*Mr. C. M. Boerman* for appellants.

*Messrs. López de Tord and Canales* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was instituted, in the District Court of Ponce, seeking to annul a transfer of a half interest in a certain mortgage, from the minor heirs of Stephen Delucca to Domingo Delucca, the said transfer having been made, as alleged, by the mother of the said minors, gratuitously and without consideration, and in prejudice to the interests of the said heirs, and without being properly authorized by any competent judicial tribunal; also to cancel the registration by the said transfer on the register of property, in Ponce, in so far, as it affects the half interest belonging to the plaintiffs; also to declare null the cancellation of said mortgage and the registration thereof as far as concerns said half interest; also declaring that all the registrations of sales, etc., made subsequently to the registration of the transfer aforesaid should be considered, as regards the half interest of the plaintiffs, as dominated by it and subject to it is a prior and superior incumbrance; also ordering the issuance of an order to the Registrar of Property of Ponce that he should cancel on his books the registrations of the transfers heretofore mentioned, and the cancellation of the said mortgage, in so far as it affects the half interest aforesaid and so forth; and making an alternative prayer that in case it should seem more just to the court it would adjudge the said Domingo Delucca to pay the plaintiffs the amount owing as it appears from the mortgage with interest thereon to date.

To the complaint there is attached as an exhibit a copy of the transfer mentioned.

To this complaint the defendants made answer substantially as follows: pleading prescription; denying that the plaintiffs, Margarita and Ana María Delucca, are the only heirs of Stephen Delucca and admitting the other matters set out in the first paragraph; denying the second paragraph of the complaint and restating the facts mentioned therein; denying the statement in the third paragraph of the complaint to the effect that the $42,000, with interest, was paid to the person legally authorized to receive the same; admitting the allegations made in the fourth paragraph of the complaint and denying those of the fifth; denying the allegations made in the sixth paragraph of the complaint and restating the facts according to the views of defendants; admitting the allegations made in the seventh and eighth paragraphs and denying those made in the ninth and tenth paragraphs of the complaint; admitting the death of Stephen Delucca and the heirship of the plaintiffs in a qualified and restricted manner; and finally alleging that all the defendants who had acquired title to the property or a part thereof or any real interest therein had done so by paying a reasonable consideration and in good faith, and by contracting with the persons who appeared from the records to be the owners thereof, and without having, either from the register or otherwise, any notice of the pretended rights of the plaintiffs in this suit; and praying that the complaint be dismissed with costs upon the plaintiffs.

The plaintiffs demurred to the answer on the ground that the facts therein stated constituted no defense to their complaint; and denied specifically the plea of prescription set up by the defendants.

Again on March 9, 1908, the defendants filed a more formal answer which may be quoted as follows:

"The defendant Esteban Vidal y Ríos appears in his own right and files his answer to the complaint presented in this case, alleging herein, but by sections, and in compliance with the requirements of the rule of that honorable court of October, 1903, the plea of prescription, and other pleadings.

### PLEA OF PRESCRIPTION.

"1st. Referring to the Mortgage Law, and in connection with the action brought by the plaintiffs, or, 'action to cancel a cession of a mortgage credit, annulment of same, and cancellation of the inscriptions thereof made in the registry of property,' in accordance with section 128 of the Code of Civil Procedure, this defendant alleges and opposes to the complaint, stating in general terms that the cause of action sought to be established has been extinguished by act of the law by virtue of the provisions of the Mortgage Law contained in sections 33 and 34 in reference to *bona fide,* of the subsequent owners of the estate, which, in this case now belongs to the defendant.

"2d. In regard to the heritable rights of the plaintiffs this defendant alleges that even admitting for a moment that such action has ever existed the same has now prescribed because this defendant admits the third count of the complaint that the youngest of the plaintiffs, Margarita Delucca, was born on the 29th of August, 1880, and arrived at her majority on 29th of August, 1901; so that if she ever had any right it was at such day in the year 1901, according to the Civil Code, sections 1267 and 1268, for a term of four years, which expired on 29th August, 1905, to exercise such right to make claims as minor in regard to contracts executed by her with the intervention of her tutor, and she did not make any claim during such four years mentioned but now after three subsequent years.

### OTHER PLEADINGS.

"1st. This defendant begins by stating in accordance with the requirements of the Code of Civil Procedure, section 110, and in view that the complaint has not been sworn to, that he has not sufficient knowledge or belief with regard to the matter to be able to answer to the several pleadings of the complaint ,and therefore files his general denial of the facts contained in the complaint.

"2d. With regard to the mortgage credit of $42,000 mentioned in the complaint, which was transferred by Mr. Domingo Delucca y Simonpietri to Mr. Esteban Delucca y Simonpietri, this defendant objects to the same and states that it was a simulated transfer, the cession of which was subsequently legally annulled.

"3d. The defendant alleges in opposition to the action brought by the plaintiffs that said plaintiffs do not, in reality, bring a precise or specific action, because it is requested in the prayer of their complaint that the court grant their request or else that Mr. Domingo

Delucca be condemned to pay the plaintiffs a sum equal to the amount of that part of the credit which is being claimed, and therefore that the action sought to be established is ambiguous and uncertain. And he prays the honorable court to please declare that the law and the facts are in favor of the defendant and against the plaintiffs; and also to dismiss the complaint imposing the costs of this suit upon the plaintiffs.''

To this in time the plaintiffs demurred in the terms following:

''The plaintiffs appear in this action and file their demurrers to the answer made by defendant Esteban Vidal y Ríos.

''1st. The answer of the defendant does not state sufficient facts to make a good opposition to the complaint.

''2d. Said answer is ambiguous, unintelligible and doubtful;

''A. Because it contains matters of law.

''B. Because it makes inferences and reasonings which cannot be made in a pleading of this kind.

''C. Because it recites facts which do not refer to this suit.

''D. Because there is confusion in the facts related.''

And in addition thereto denied the defense of prescription categorically.

On August 19, 1908, the district judge made an order overruling the demurrer which in the words used reads as follows:

''Counsel Parra Capó, Yordán Dávila and Toro, Tord & Canales have filed an amended answer. A demurrer has been presented to said answer based in that such answer does not state sufficient facts to constitute a good defense or opposition to the complaint.

''Doubtless, said demurrer is not made to the plea of prescription. Such plea may be a good one or not, but the same cannot be demurred.

''The several defendants who are represented by the counsel stated above allege that Mr. Esteban Delucca was never the real owner and holder of the mortgage credit alleged in the complaint. That upon advice of Mr. Esteban Delucca, a family council, probably constituted according to the laws of France and the treaty then in force between Spain and France, ordered the transfer of said mortgage credit to

Mr. Domingo Delucca who was the true owner of the same. And that the court of first instance of the city of Ponce approved said resolution of the family council in the year 1882, and transferred the credit to Mr. Domingo Delucca.

"If the facts are true and certain, the plea seems to be a good one. This court has no judicial knowledge of the laws of France which should be demonstrated through a competent proof, as well as any other fact. Neither has this court, from the year 1898, any judicial knowledge in reference to the treaties accorded between France and Spain. Therefore, the court cannot decide at present, whether the family council was had or not in accordance with the laws of France or the treaty, if any was in connection with the matter, between France and Spain.

"All those matters can very well be examined at the trial of this suit.

"The demurrer filed to the amended answer is overruled with costs upon the plaintiffs."

A trial was duly held on January 25, last, and at the beginning thereof the defendants admitted that it appears from the record that the plaintiffs are the only heirs of their father Stephen Delucca, deceased.

The plaintiffs presented the following documentary evidence:

"First. A certificate showing that the plaintiff, Mrs. Margarita was born four months before and was baptized on the 6th of May, 1881.

"Second. A certificate showing that the plaintiff, Mrs. Ana María of one month and 26 days of age, was baptized on the 23d of April, 1876.

"Third. A notarial document where it appears that on the 14th of December, 1880, the defendant, Mr. Domingo Delucca y Simonpietri, ceded the mortgage credits stated in the complaint to Mr. Esteban Delucca, father of the plaintiffs.

"Fourth. A document showing that the partitions which bear date of the first of April, 1882, and executed before the notary Rafael León were recorded and they contained the following documents:

"(A) Written proceedings which took place before Teodoro Lahongrais, vice consul of France in Ponce, before whom the division of the properties of Mr. Esteban Delucca was made, which partially,

states Mr. Teodoro Lahongrais, acting vice consul of France in this city, certify: That in the documents relating to the inheritance of the French subject Mr. Esteban Delucca, which proceedings took place in the office of the vice consul, there is a writ which literally translated reads as follows: 'Mr. Teodoro Lahongrais, acting vice consul of France in Ponce, and legal liquidator of the properties relating to the inheritance of the French subject, Mr. Esteban Delucca, according to article 20 of the treaty which was celebrated between Spain and France on the 7th of January, 1862; I proceed to make the liquidation, division and adjudication of the properties constituting said inheritance after having minutely examined the inventory, appraisement, acts, declarations and claims, existing in the aforesaid documents relating to the inheritance; and for the purpose of making as clear as possible the transactions referred to, I establish the following facts:

"Fifth. Besides the documents to which the preceding fact refers a claim was presented to the office of the vice consul, signed by Domingo Delucca (fol. 6), in relation to a credit of $42,000 of current money. The petitioner based his claim on a private document which was executed by Mr. Esteban Delucca on the 14th of December, 1889, wherein he acknowledged that although on the same date Mr. Domingo Delucca had ceded to him, for value received, a mortgage credit constituted upon the plantation "Barrancas" and two storehouses of this city, to which Juan Cortada Quintana owed some amount of money and which credit reached to the amount of $42,000 of current money, in fact he stated that said credit did not belong to him because the cession was made for the sole purpose that Mr. Esteban Delucca should collect the divers instalments of the obligation whenever they became due, forwarding the same to Europe to Mr. Domingo Delucca who was to change his residence over there. The persons composing the family council were called to a meeting by the office of the vice consul in order to discuss and decide with regard to the claim made and it was resolved at said meeting which occurred on the 23d inst., that the agreement of the 6th of June of the current year made by the council be ratified, at which meeting it was decided that the so-called credit did not belong to Mr. Esteban Delucca but to Don Domingo Delucca, and also that Mrs. Eugenia Tacoronte be authorized in order that, on her own name or in representation of their minor children, she would cede and transfer to the aforesaid Domingo Delucca the credit referred to.

"This declaration of the council appears at folio six of these documents relating to the inheritance in which act intervened and took part the subrogated tutor of the minors, Mr. Juan Evaristo Tacoronte.

"Therefore, this credit will be included in the inheritance after being previously included in the totality of the properties and will be adjudicated to the widow and heirs in order that they (being represented by the subrogated tutor), make the transfer of the said credit to its owner, Mr. Domingo Delucca, in the manner that will be stated and according to the complete statement of the property.

"(B) A writ which reads as follows: In the city of Ponce on the 20th of March, 1882; Mr. Manuel Becerra y Carate, municipal judge of this city and acting as judge of first instance, in view of the record; 1st finding; That the operations of inventory having been had as well as those of appraisement, division and adjudication of the properties left at the time of the death of the French subject, Mr. Esteban Delucca, with which the interested parties had agreed, to wit: The widow, Mrs. Eugenia Tacoronte, and Mr. Juan Evaristo of the same name and subrogated tutor of the minors, Nuncia, María Magdalena, Juan Bautista, Ana María, Rosa María, and Margarita Delucca y Tacoronte, who have ratified said transactions. Finding: That the private document to which the fifth fact of the account of division refers has been duly legalized by the examination of the signatures of the witnesses who signed the same and examination made by the expert of that of the deceased, Mr. Esteban Delucca, together with other indubitable signatures of said Esteban Delucca. 1st considering, That in such a case it is proper to approve said operations, his honor before me stated: That he should approve and did approve the aforesaid liquidation, appraisment, division and adjudication of the properties pertaining to the inheritance of the French subject, Mr. Esteban Delucca; we order that the same be filed in the office of the notary, Mr. Rafael León, and that there be handed to each one of the interested parties what has been adjudged to them together with the titles of dominion; the corresponding note being placed thereon which must be presented in the register of property. Thus it was decided, ordered and signed by the aforesaid judge before me, I certify. Manuel Becerra. Juan J. Mayoral.

"Sixth. A certificate from the Registrar of Property of Ponce district in regard to the inscription of the cession of the mortgage credit made by the succession of Mr. Esteban Delucca to Mr. Domingo Delucca by virtue of the division and the aforesaid writ; there appearing that the mortgage credit constituted upon the plantation "Barrancas" was ceded by Mrs. Eugenia Tacoronte and Mr. Juan Evaristo

Tacoronte, this last named as subrogated tutor of the minor children of Mr. Estaban Delucca and his sole heirs, to Mr. Domingo Delucca, which cession was recorded in the registry of property.

"Seventh. The French Civil Code and article 467 state: 'The tutor cannot make transactions in the name of the minor without the authorization therefor of the family council advised by the opinion of three lawyers appointed by the prosecuting attorney of the court of first instance. The transaction shall not become valid until after the same has been confirmed by the court of first instance, the *fiscal* having previously given his opinion. (*Note.*—See articles 1304, 1312, 1314 and 2045 of this Code.) In regard to what is required by paragraph two of this article, the court of cassation establishes in its judgment of the 24th of August, 1807, the following: The noncompliance with the requirements of article 467 of the Civil Code, causes the nullity of the transaction. (Article 2045.) In order to transact it will be necessary to have capacity to dispose of the objects or things embraced in the transaction. The tutor cannot make any transaction in the name of the minor or one incapacitated by the law except according to article 467 which title relates to minority, tutorship and emancipa- tion, and neither can the tutor transact with the minor himself, on his arrival at his majority, in regard to the accounts of his tutorship, unless in accordance with article 472 of said Code.

"The municipalities and public offices shall not transact business without the express authorization of the executive head. This was the evidence introduced by the plaintiffs.

"After the plaintiff had introduced all the evidence the defend- ants stated that before the introduction of their evidence they had presented a motion to the court in accordance with paragraph five of article 192 of the Law of Civil Procedure to the effect that the com- plaint be dismissed inasmuch as the evidence of the plaintiff was insuf- ficient to base a judgment thereon. The court admitted the motion on account of the insufficiency of the evidence and rendered judgment accordingly. The exception taken by the plaintiffs to the judgment of the court for the reason that the same does not conform to the evidence is found in this; *that it was proved that the cession made to the defend- ants by the minors' tutor was not in conformity with the law applica- ble to the case and therefore is null.*

Of course this statement shows that the case was decided in favor of the defendants on a demurrer to the evidence. The

judgment rendered, on January 25, 1909, is substantially in the following terms:

"Margarita Delucca *et al.*, Counsel: *Boerman & Llorens* v. *Domingo Delucca et al.* In the city of Ponce, P. R., today, the 25th day of January, 1909, this suit came on to be heard. The plaintiffs, Margarita Delucca, Damian Pastor, Ana María Delucca y Bartolomé Miró, appear through their counsel, Mr. Carlos Boerman, and defendants, Domingo Delucca y Simonpietri, William L. F. Simonpietri Byrne y Darton, Bernal, State of New Jersey, Clorinda Ferrer y Torres viuda de Mayol, Bartolomé Manuel, Francisco, Antonia Mayol y Borrás, Lorenzo Roses, Carlos Miguel Mayol y Ferrer, Manuel Alvarez Vicente, Arturo Salas Simonpietri, Guillermo y Adela Ermelinda Salazar Palau, Guillermo Schuck Oliviera, Gustavo, María Maudie y William Cabrera, Esteban Vidal y Ríos, Joaquín Anastasio, Pedro Vicente, Elena Monserrate, y Antonia Ursula Pérez Valdivieso, Monserrate Moreno y González, viuda de Valdivieso, Dolores Rodríguez y Hurtado de Castro, Angel Castro y Menéndez y El Crédito y Ahorro Ponceño, by their counsel, Carlos López de Tord, Luis Yordán Dávila and Esteban Vidal y Ríos.

"The complaint having been heard and the evidence of the plaintiffs presented, the defendants, through their counsel, López de Tord, filed an oral motion praying that the complaint be dismissed and basing their motion in the insufficiency of the evidence presented; the court admitted the motion and dismissed the complaint with costs upon the plaintiffs."

From this judgment an appeal was duly taken to this court and the transcript was filed here on the 4th of March. Both parties filed extensive briefs and presented oral arguments at the hearing had on April 30. The Chief Justice did not sit herein, being related to one of the parties.

The appellant seeks to make it appear that the whole case turns on one point which is; *that it was proved that the cession made to the defendants by the minors' guardian was not in conformity with the law applicable to the case and is therefore null.*

A demurrer to the evidence requires a consideration of all the evidence produced on the trial and a single point cannot

be selected as that on which the whole case turns and the decision confined to it alone. By using this motion the truth of all the facts proven by the evidence is admitted and its sufficiency, taken as an entirety, is challenged, on the ground that it cannot support the judgment sought by the party offering the proof. This motion offering a demurrer to the evidence is addressed always to the consideration of the court, and when the matter is brought before the appellate court an examination of all the facts proven on the trial must be made and their combined effect duly considered.

The case may very well have been decided, in the trial court, on the ground that a writing executed on the same day and comprising legally a part of the very document, under which plaintiffs claim, shows that their father never had any real interest in the mortgage but that the same was merely transferred to him in order that he might readily collect the same and transmit the proceeds to his brother, who was the real owner. There can be no doubt that the defendants in this case are the owners of the entire mortgage and that the claim made to one half thereof by the plaintiffs is unfounded. Since this is shown by the evidence adduced in the record, the trial judge very properly sustained the demurrer to the evidence, and rendered judgment in favor of the defendants. The whole record has had careful consideration and it clearly appears therefrom that the judgment of the trial court should be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.